IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
GREENVILLE DIVISION

CARL DOBBS                                                                                                  PLAINTIFF

v.                                                                                              No. 4:13CV29-M-A

CHRISTOPHER EPPS, ET AL.                                                                     DEFENDANTS

**MEMORANDUM OPINION**

This matter comes before the court on the *pro se* prisoner complaint of Carl Dobbs, who challenges the conditions of his confinement under 42 U.S.C. § 1983. For the purposes of the Prison Litigation Reform Act, the court notes that the plaintiff was incarcerated when he filed this suit. Dobbs argues that the defendants violated his right to the free exercise of his religion by refusing to permit him to attend the services of his faith on a single occasion. For the reasons set forth below, the instant case will be dismissed for failure to state a claim upon which relief could be granted.

**Factual Allegations**

The plaintiff alleges that on September 8, 2012, defendant James Gwin would not permit him to ride the bus from the plaintiff's Unit to another in order to attend the KAIROS religious service. The reason for this single refusal was that Gwin did not want Dobbs to denigrate the Chaplain's Department.

**Free Exercise and RLUIPA Claims**

The First Amendment free exercise claim is governed by standards that are much more deferential to prison authorities than those governing claims under the Religious Land Use and Institutionalized Persons Act ("RLUIPA"). In order to establish either claim, Dobbs must prove that a substantial burden has been placed on his ability to practice his religion. In order to

defend a First Amendment claim, the prison authorities need only prove that the policies and procedures in place are rationally related to legitimate penological goals under *Turner v. Safley*, 482 U.S. 78, 107 S. Ct. 2254, 96 L.Ed.2d 64(1987) (Where a prison regulation burdens a fundamental constitutional right, it must be reasonably related to legitimate penological objectives and may not be an exaggerated response to those concerns) and *O'Lone v. Shabazz.*, 482 U.S. 342, 107 S. Ct. 2400, 96 L.Ed2d 282(1987)(Work regulations that required inmates to work outside of the main building and prohibited their return, for security reasons during the day, prevented Muslim inmates from attending their weekly religious services. The regulation was constitutionally valid.)

RLUIPA does not say who bears the burden of proving the applicability of the act. RLUIPA explicitly assigns the burden of persuasion to the 'government' on all elements of the claim, except that the plaintiff must first show that the 'government' has imposed a substantial burden on the plaintiff's religious exercise. 42 U.S.C. § 2000cc-2(b). A challenged regulation or program might well pass constitutional muster under traditional First Amendment analysis, but run afoul of RLUIPA or its sister act, the Religious Freedom Restoration Act 42 U.S.C.A § 2000bb (RFRA). A policy or program cannot meet the stringent standards of RLUIPA and yet run afoul of *Turner v. Safley* and *O'Lone v Shabazz*. In this case if the plaintiff's RLUIPA claim fails, then so does the First Amendment Free Exercise claim.

First, the Dobbs does not challenge a prison regulation, only the way defendant Gwin applied (or ignored) the regulation on a single occasion. Second, and decisive in this case, is the fact that Gwin's actions did not place a *substantial* burden on Dobbs' right to the free exercise of his religion. Dobbs alleges that he missed a religious service one time. The court holds that missing a single observance does not constitute a substantial burden on Dobbs' free exercise

rights. As such, the allegations fail to state a claim under the First Amendment or RLUIPA, and the instant case will be dismissed for that reason. A final judgment consistent with this memorandum opinion will issue today.

**SO ORDERED,** this the 30th day of May, 2013.

/s/ **MICHAEL P. MILLS**
**CHIEF JUDGE**
**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF MISSISSIPPI**